## Assigned Estate of William G. Hopper and Harry S. Hopper, trading as W. G. Hopper & Co. Appeal of W. G. Hopper & Co.

*Assignment for creditors—Auditor—Discretion of court—Appeals.*

The Supreme Court will not consider an appeal from an order refusing to appoint an auditor to distribute a fund in court, where it appears that the fund was a portion of an assigned estate which had been paid into court to secure the only creditor who had refused to agree to a reassignment, and who, desiring a jury trial, had instituted a suit in another court, which he had discontinued, and had then instituted a second suit in the court into which the fund had been paid, and where the second suit was pending at the time the appeal was taken.

The regular practice in such case would have been for the court having custody of the fund, to direct and try the issue in the first instance. If the creditor unduly delays the issue the court may release the fund.

Argued March 23, 1899. Appeal, No. 39, Jan. T., 1899, by W. G. Hopper & Co., from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 633, refusing to appoint an auditor. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Appeal quashed.

Motion for appointment of auditor.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*William C. Hannis*, for appellant.—If it be alleged that on March 2, 1896, it was a matter in the discretion of the court below whether to proceed itself to determine the ownership of the fund in court or to allow the appellee the opportunity of having her claim determined by a jury, after a lapse of nearly three years, and after the appellee had deliberately refused to avail herself of the opportunity of trying her case before a jury, and discontinued her suit at law. When the court below was again on these facts asked to determine the ownership of said fund in court, it ceased to be a matter of discretion, and it became the duty of the court below to distribute the fund which it had held in its custody for nearly three years. The appellee

may delay a jury trial until she can secure a court that may favor her contention, or until this stock has gone high enough to satisfy her rapacity. Surely the court, having the custody of this fund, should not lend its aid to such a course of procedure: Davis's Appeal, 83 Pa. 348; Schwilke's App., 100 Pa. 628.

*William Henry Lex*, for appellee.—The court was right in refusing to appoint an auditor: Woolley's Est., 6 Pa. 351; McCredy's App., 64 Pa. 428; Wear's Assigned Est., 1 Kulp, 104; Woods v. White, 97 Pa. 222; Christy v. Sill, 131 Pa. 492.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

Appellants after an assignment for the benefit of creditors, having made settlement with all the creditors except one, applied to the court for an order on the assignee to reconvey. This was granted upon the deposit in court of the fund now in controversy to secure the objecting creditor. The order for reassignment originally contained a provision for the appointment of an auditor to determine the amount due, but on the objection of the creditor who desired her claim passed upon by a jury, this was struck out by the court.

Under these circumstances, the regular practice would have been for the creditor to apply to the court for an issue. But apparently without objection from any one, the creditor brought suit in a different court. That terminated in a discontinuance, and a new suit was then brought in the court where the fund is. The appellant then moved the latter court to appoint an auditor to distribute the fund. This was refused, and from the refusal we have this appeal.

From this statement it is apparent that the appeal is premature. There is no final judgment or decree. Undoubtedly a court with equity powers, having a fund in its custody, may require the claimant to proceed diligently to ascertain how much is due him. In the present case the money, $6,700, is the money of the appellants, and will so continue until it or the proper part of it is awarded to the creditor, and if the latter is tardy in the legal assertion of her claim, or dilatory in the prosecution of it, the court may determine the question for itself or release the fund. It is the right of the depositing debtor not to have his

money tied up indefinitely or perversely by the creditor for whom it is as yet only a security.

But the court below, on this application, had before it the circumstances under which the delay in the first action occurred, and it was within its discretion to await the settlement of the claim by a jury in the action now pending on its own docket, and then award the fund in accordance with the judgment, rather than by a summary proceeding before an auditor.

There was no approach to an abuse of discretion, and there is no other ground on which the case is as yet open to our review.

Appeal quashed.